IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 10, 2021

**GRANDON P. DAY v. KEVIN GENOVESE, WARDEN**

**Appeal from the Circuit Court for Hickman County**
**No. 19-CV-37      Michael E. Spitzer, Judge**

_____

**No. M2020-00373-CCA-R3-HC**
_____

In a procedurally complex case, the Petitioner, Grandon P. Day, pleaded guilty in Davidson County Criminal Court in July 2004 to two sets of offenses that occurred on April 3, 2003, and July 9, 2003. The trial court sentenced the Petitioner to a total effective sentence of sixteen years of incarceration for these offenses. In December 2005, a Williamson County Circuit Court jury convicted the Petitioner of twenty additional offenses, all of which occurred in July 2003. The trial court sentenced the Petitioner to a total effective sentence of 84 years of incarceration, to be served consecutively to his other offenses. Fourteen years later, the Petitioner filed a petition for a writ of habeas corpus, in which he alleged that the trial court erred when it ordered that his sentences run concurrently when consecutive sentences were statutorily required. The habeas corpus court summarily dismissed the petition, and we affirm its judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and ALAN E. GLENN, J., joined.

Grandon P. Day, Only, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Kim R. Helper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I. Facts**

This case arises from a series of offenses committed by the Petitioner. In Davidson County case number 2003-B-1496, and on July 2, 2004, the Petitioner pleaded guilty to

possession with the intent to sell more than twenty-six grams of cocaine, a class B felony, and to felony weapon possession, a class E felony, both of which occurred on April 3, 2003. The trial court sentenced him to a total effective sentence of eight years of incarceration. In Davidson County case number 2003-D-2472, and on that same date, he pleaded guilty to two counts of aggravated robbery, a class B felony, both of which occurred on July 9, 2003. The trial court sentenced him to a total effective sentence of eight years of incarceration, to be served consecutively to his other eight-year sentence.

In January 2005, a trial court entered judgments against the Petitioner resulting from a jury trial in Williamson County. A Williamson County jury convicted the Petitioner of fourteen counts of aggravated kidnapping, a class B felony, five counts of aggravated assault, a class C felony, and one count of reckless endangerment, a class E felony, for offenses that occurred on July 30 and 31 of 2003. The trial court sentenced the Petitioner to a total effective sentence of eighty-four years. The judgments of conviction read that they are to run "consecutive to: Counts 1 and 3 of Davidson Co. Case No. 2003-B-1496." There is no mention of case number 2003-D-2472.

The Petitioner attached to his petition for a writ of habeas corpus the sentencing hearing transcript from the Williamson County sentencing hearing. The transcript shows that the parties discussed both whether the Williamson County cases would have to run consecutively to each other and whether they would have to run consecutively to the two sets of Davidson County cases. The State informed the trial court that the Defendant's Williamson County sentences should run consecutively to the Davidson County case 2003-B-1496. She stated that the aggravated robbery charges in case number 2003-D-2472 "were direct presentments to the Grand Jury, so the Defendant may not have been on bond for those" at the time that he committed the offenses in the Williamson County cases.

Also during the sentencing hearing, the probation and parole officer who prepared the presentence report testified that the Petitioner was on bond at the time that he committed the Williamson County offenses. He then stated that the Petitioner was on bond "from that case" at the time he committed the Williamson County offense, but he did not specify to which of the two cases he was referring. During cross-examination of that witness, the defense attorney stated, "then after this case . . . the case he was on bond on he got eight-year sentences which presumedly ran together but consecutive to his first eight-year sentence." The officer agreed that the Petitioner was serving a sixteen-year sentence from Davidson County.

At the conclusion of the sentencing hearing for the Williamson County convictions, the trial court sentenced the Petitioner to partial consecutive sentencing for a total effective sentence of eighty-four years. The trial court then stated "[b]y my count he has seven consecutives in this case for a total of 84 years to run consecutive to the Davidson County case." The prosecutor then asked if the sentence was to run consecutively to only the Davidson County case for which the Petitioner was on bond when it was committed or to

- 2 -

both sets of offenses from Davidson County. The trial court stated, "The one that was on bond, which should just be eight. So it's 84 plus eight." The trial court clarified that the sentence should run concurrently with the aggravated robbery sentences.

The parties and the trial court then discussed a potential issue. The prosecutor noted that she was unsure which set of Davidson County cases were running first, the aggravated robbery sentences or the drug-related sentences. She attempted to ensure that, either way, the judgment reflected the proper sentences. It appears from the record that the parties ultimately concluded that they would note on the judgment that the Williamson County cases were to run consecutively to Davidson County case 2003-B-1496, the case that the Petitioner was on bond for when he committed the Williamson County offenses.

The Petitioner in his brief notes that the trial court stated at this hearing, "I don't know the answer. Are you asking me to make a decision? Pick one, what?" And the trial court did, in fact, make this statement with regard to how to draft the judgment to accurately reflect the trial court's order that the Petitioner serve his eighty-four-year sentence consecutively to one of his eight-year sentences and concurrently with his other eight-year sentence.

On September 4, 2019, the Petitioner filed a petition for a writ of habeas corpus. In it, he alleged that his sentence was illegal because the trial court lacked jurisdiction to order that he serve his Williamson County sentences currently with "his four (4) Davidson County sentence[s] that he acquired while he was out on bond, which were statutorily required to be cumulatively by law." The Petitioner claimed in his filing that he was out on bond in Davidson County case number 2003-B-1496 when he committed the offenses in Davidson county case number 2003-D-2472. The Petitioner further contended that he was out on bond on all "four" charges when he committed the Williamson County offenses.

The habeas corpus court summarily dismissed the petition. It found that the Petitioner had failed to meet his burden of proving that his judgments were void and not merely voidable. It further found that the judgments in the Williamson County cases were lawful.

The Petitioner appeals this judgment.

## II. Analysis

On appeal, the Petitioner maintains that the judgments in the Williamson County cases are unlawful because they do not order that his sentences be run consecutively to both sets of his Davidson County cases but only order that his sentences run consecutively to one set of his Davidson County cases. The State counters that the Williamson County trial court ordered consecutive sentencing as required by statute, and thus the trial court properly dismissed the Petitioner's request for habeas corpus relief.

- 3 -

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given de novo review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (citing *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). It is permissible for a trial court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superseded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n. 2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998), *no perm. app. filed*; *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001). The Petitioner has failed to prove, by a preponderance of the evidence, that the judgments are void or that his sentence has expired.

The Petitioner asserts that the Williamson County judgments are void because he was on bond for both sets of Davidson County offenses when he committed the Williamson County offenses. He has not, however, included the indictments in the record or supplied any proof that he was on bond for case 2003-D-2472. To the contrary, the prosecutor informed the Williamson County court that the aggravated robbery charges in case number 2003-D-2472 "were direct presentments to the Grand Jury, so the [Petitioner] may not have been on bond for those" at the time that he committed the offenses in the Williamson County cases. Relying upon this, the Williamson County court ordered that the Petitioner's

sentences run consecutively to the sentence in Davidson County case 2003-B-1496, the case for which the parties agreed the Petitioner was on bond when he committed the Williamson County offenses, but concurrently with case number 2003-D-2472, the case for which the Petitioner may not have been on bond when he committed the Williamson County Offenses.  The Petitioner has offered no proof that the trial court erred in this regard.  Accordingly, we conclude that the Petitioner did not state a cognizable claim for habeas corpus relief and, therefore, the habeas corpus court's summary dismissal without appointment of counsel was appropriate.

### III. Conclusion

Based on the foregoing reasoning and authorities, we affirm the habeas corpus court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE